### GROSS et ux. v. BUNKER HILL & SULLIVAN MINING & CONCENTRATING CO. et al.

### TRIPLETT v. SAME.

### Nos. 1030, 1033.

District Court, D., Idaho, N. D.

Nov. 18, 1930.

Chas. A. Gram and Neil G. Bardsley, both of Spokane, Wash., for plaintiffs.

C. W. Beale and James E. Gyde, both of Wallace, Idaho, for defendants.

CAVANAH, District Judge.

As the motions in each case of the defendants for judgment of dismissal on the pleadings were presented at the same time, and present the same questions, they will, as requested, be disposed of together. The cases are at issue, as answers were filed in each of them setting up the execution of an instrument by the owners of the premises, as parties of the first part, and the defendants Bunker Hill & Sullivan Mining & Concentrating Company, the Federal Mining & Smelting Company, the Hecla Mining Company, and parties other than the defendants Sunshine Mining Company and the Amy Matchless Mining & Smelting Company, parties of the second part therein.

The genuineness and due execution of the instrument is admitted by the plaintiffs.

The principal question urged upon the motions by the defendants is that by the terms of the instrument the plaintiffs are barred and estopped from maintaining and prosecuting the actions against defendants for the reason that an easement is created and conveyed on the lands of plaintiffs, which precludes them from a recovery; while it is urged upon behalf of the plaintiffs that, although by the words of the instrument an easement is created on their lands, yet the execution of it by the defendant corporations was ultra vires and void, as it was beyond the powers and authority conferred by law upon them to make such a contract granting to them the right to dispose of tailings in the upper waters of Coeur d'Alene river and subject their lands to the consequences resulting therefrom if they were overflowed. The mere fact that the defendant corporations, parties to the instrument, are foreign corporations, does not deprive them of the same right to enter into such an agreement under the Constitution of the state of Idaho as is granted to domestic corporations, for, under the state Constitution, foreign corporations are allowed to exercise and enjoy within the state the same rights and privileges possessed and enjoyed by domestic corporations. Const. Idaho, art. 11, § 10. Nor has attention been called to any provision of the state laws of the states under which the defendant corporations were created denying them the right to enter into such a contract as is involved in the instrument creating the easement in question. In other words, there is no distinction as to the rights of foreign and domestic corporations in securing such

an easement under the laws of the states of their creation and the Constitution of the state of Idaho, as they both seem to have the same rights and privileges in that regard.

The questions presented here were recently answered by the Circuit Court of Appeals of the Ninth Circuit in the case of Luama v. Bunker Hill & Sullivan Mining & Concentrating Company et al., 41 F.(2d) 358, 360, where the court was called upon to construe an instrument identical with the one here, and it will be sufficient for the present purpose to call attention to what the court there said:

"The land of the appellant described in his complaint is apparently riparian to the Coeur d'Alene river, although it is not so specifically alleged in the complaint. One of the rights of the riparian owner is to receive the flow of the stream, without unreasonable pollution, from the riparian owners above him on the stream. [Cases cited.] An agreement to modify this relationship by an increased burden upon the lower riparian owner in favor of the upper riparian owner would seem clearly to constitute an easement in the land of the lower riparian owner. If the land of the appellant were not riparian to the stream, the right granted to deposit tailings in the upper waters of the South fork of the Coeur d'Alene river and subject the lower land to the consequences resulting therefrom if and when the lands were overflowed, would, under the principle enunciated in Schwab v. Smuggler-Union Mining Co. [(C. C. A.) 174 F. 305], also be an easement. In the latter case the tailings were conveyed onto the property of the lower land owner by diverting dams, reservoir, and pipeline owned by the lower owner. The resulting injury to the land and its appurtenances was agreed to be suffered by the owner thereof, and this agreement was held to be an easement burdening the land in the hands of subsequent purchasers as distinguished from a personal covenant binding only upon the person making the contract."

It will be observed that the court held that a riparian owner has a right to receive the flow of a stream without unreasonable pollution from the riparian owner above him, but they may enter into an agreement to modify such relationship by an increase of the burden upon the lower riparian owner in favor of the upper riparian owner, which would "constitute an easement in the land of the lower riparian owner." The resulting injury to the lands of plaintiffs was agreed to be suffered by the owners of the lands, which clearly constitutes an easement burdening them.

Therefore the cases plainly fall within the rulings of the Circuit Court of Appeals, and the motions of the defendants Bunker Hill & Sullivan Mining & Concentrating Company, the Federal Mining & Smelting Company, and the Hecla Mining Company, must be sustained, and judgment of dismissal granted as against them.